Because Vladymyrova's CAT claim is based on testimony the agency found not credible, and she points to no other evidence to show it is more likely than not she would be tortured if returned to Ukraine, her CAT claim fails. *See id.* at 1156–57.

We lack jurisdiction to consider Vladymyrova's claim that the IJ demonstrated bias because this issue was not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**Katya Rostomyan JORICH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70135.

United States Court of Appeals, Ninth Circuit.

Sept. 13, 2010.*

Filed Sept. 24, 2010.

Allan A. Samson, Esquire, San Francisco, CA, for Petitioner.

Carol Federighi, Esquire, Senior Litigation Counsel, Yamileth G. Handuber, Jocelyn Lopez Wright, Esquire, U.S. Department of Justice, Civil Division/Office Of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Katya Rostomyan Jorich, a native of the former Soviet Union and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part and dismiss in part the petition for review.

Jorich does not contend she suffered past persecution in Armenia. Substantial evidence supports the agency's finding that Jorich failed to establish a well-founded fear of persecution on account of a protected ground, where her fear of returning to Armenia was due to her lack of ties to the country. *See* 8 U.S.C. § 1101(a)(42)(A); *see also INS v. Elias–Zacarias*, 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Ratnam v. INS*, 154 F.3d 990, 994 (9th Cir.1998). Accordingly, Jorich's asylum claim fails.

Because Jorich did not establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Jorich failed to show that it is more likely than not that she will be tortured if returned to

Armenia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir.2009).

We lack jurisdiction to review Jorich's due process claim that the IJ should have sua sponte continued her hearing, because she failed to exhaust this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Jorich's remaining due process contentions concerning the conduct of her hearing fail because the proceedings were not "so fundamentally unfair that [she] was prevented from reasonably presenting [her] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (internal citation omitted); *see also Vargas–Hernandez v. Gonzales*, 497 F.3d 919, 927 (9th Cir.2007).

Finally, the BIA correctly determined that Jorich failed to demonstrate prejudice, so her ineffective assistance of counsel claim fails. *See Mohammed*, 400 F.3d at 793–94 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.